ALBERT J. HENDERSON, PLAINTIFF-APPELLANT, v. NEW JERSEY BOARD OF EXAMINERS OF ELECTRICAL CON-TRACTORS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 26, 1964—Decided December 8, 1964.

510

512

Before Judges GAULKIN, FOLEY and COLLESTER.

*Mr. William W. Wimmer* argued the cause for appellant.

*Mr. Howard H. Kestin,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General, attorney).

The opinion of the court was delivered by

COLLESTER, J. A. D. This is an appeal from a determination of the Board of Examiners of Electrical Contractors (hereinafter the "Board") denying appellant Albert J. Henderson's application for an electrical contractor's license without examination under the provisions of *N. J. S. A.* 45:5A–10.

The Electrical Contractors Licensing Act of 1962, *N. J. S. A.* 45:5A–1 *et seq.,* provides that on and after July 1, 1963 no person shall enter into, engage in or work in business as an electrical contractor for hire unless he has secured a business permit and either he, or "an officer, partner or employee who is or will be actively engaged in the business for which a business permit is sought," has obtained a license in accordance with the provisions of the Act. *N. J. S. A.* 45:5A–9(b) provides that "except as otherwise provided in section 10," no person shall be granted an electrical contractor's license unless he shall first establish his qualifications therefor and take and

pass an examination. Such applicant must have been engaged in the business of electrical construction and installation or have equivalent practical experience for a period of not less than five years, or shall otherwise establish to the satisfaction of the Board that he has the educational background and experience to qualify to take such examination. *N. J. S. A.* 45:5A–10 provides that any person who has been engaged in the business of electrical contracting in New Jersey for a period of at least six years prior to the effective date of the act, and whose principal business for at least two years immediately preceding his application shall have been that of an electrical contractor, shall be granted a license without examination, provided, the application is made before July 1, 1963 and satisfactory proof is presented to the Board of the applicant's fitness to engage in such business.

Appellant applied to the Board on May 17, 1963 to be licensed as an electrical contractor without examination pursuant to section 10. His application was denied. He requested and was granted a hearing. Thereafter, the Board issued its determination denying appellant's application for a license without examination on the ground that electrical contracting had not been his principal business for at least two years preceding the application. The findings of fact of the Board, in substance, were that (1) Henderson was employed full time as a police officer of North Arlington; (2) he has been engaged in the electrical contracting business for at least six years prior to the effective date of the act on a part-time basis, and (3) he had performed on the average of eight to ten electrical contracting jobs a year which jobs averaged from six hours to two days to perform. The Board found,

"That on the basis of time spent, money earned and type of business organization, the electrical contracting activity of the applicant was not his principal business for at least two years immediately preceding the making of the application."

Although denying appellant's application for an electrical contractor's license without an examination pursuant to *N. J.*

*S. A.* 45:5A–10, the Board notified Henderson that he was eligible to qualify for a license as an electrical contractor by taking and passing an examination pursuant to *N. J. S. A.* 45:5A–9.

Appellant does not challenge the findings of fact of the Board. The grounds of his appeal are: (1) *N. J. S. A.* 45:5A–10 is unconstitutional, and (2) electrical contracting was his principal business for the two-year period, within the meaning of *N. J. S. A.* 45:5A–10.

## I.

Appellant first contends that in the enactment of *N. J. S. A.* 45:5A–10 the Legislature prescribed no standards for determining whether or not electrical contracting was the applicant's "principal business," and therefore the delegation of the power to the Board to make such a determination was unconstitutional. *N. J. Const.* 1947, *Art.* IV, § I, *par.* 1. In other words, it is contended that by not minutely defining the term "principal business," the Legislature has left the area of definition open to abuse and arbitrary action by the administrative agency.

It is fundamental that when the Legislature delegates to an administrative agency the discretionary power to grant or deny a license, adequate standards to guide the discretion must be found in or be inferable from the statute. *Cf. Moyant v. Paramus,* 30 *N. J.* 528, 553 (1959); *Ward v. Scott,* 11 *N. J.* 117, 123 (1952); *Greggio v. Orange,* 69 *N. J. Super.* 453, 461 (*Law Div.* 1961), affirmed, o. b. *sub nom. Roselle v. East Orange,* 37 *N. J,* 462 (1962). However, the entire statute may be looked to in the light of its surroundings and objectives for the purpose of deciding whether there are standards and if they are sufficient. *In re Berardi,* 23 *N. J.* 485, 491 (1957). They need not be minutely detailed. As stated in *Ward v. Scott, supra,*

"It is settled that the Legislature may not vest unbridled or arbitrary power in the administrative agency but must furnish a reason-

ably adequate standard to guide it. [citations omitted] But the exigencies of modern government have increasingly dictated the use of general rather than minutely detailed standards in regulatory enactments under the police power." (at *pp.* 123–124)

The liberal rather than the literal approach is preferred in considering the constitutionality of a statute delegating power to establish standards to an administrative agency. *Esso Standard Oil Co. v. Holderman,* 75 *N. J. Super.* 455, 474 (*App. Div.* 1962), affirmed o. b. 39 *N. J.* 355 (1963); 1 *Davis, Administrative Law* (1958), § 2.15, *p.* 150.

The question of the extent to which this court should use a broad rather than a literal analysis of the statute involved in the instant case does not warrant further discussion because we are satisfied that the standards were sufficiently established by the Legislature.

In acting to protect the public health and safety in the field of electrical contracting the Legislature prescribed minimum standards to insure that an electrical contractor will be generally competent and possessed of current knowledge of the latest techniques in his trade. Thus, where application is made for a license under *N. J. S. A.* 45:5A–9 the applicant must have five years' experience or an educational equivalent and must pass an examination. Recognizing that there were experienced electrical contractors currently engaged in the business, well qualified and without need of an examination, the Legislature enacted the "grandfather" section of the statute, *N. J. S. A.* 45:5A–10. To obtain a license without examination the statute extended the experience requirement from five to six years and further required that the applicant shall have been engaged in the electrical contracting field as his principal business for at least two years before the effective date of the statute.

While the Board must determine whether the applicant's "principal business" has been electrical contracting for the prescribed period of two years, it is obvious that its discretion, if any, in arriving at such a determination is extremely limited. There is no magic in the term "principal business."

Since the unquestioned purpose of *N. J. S. A.* 45:5A–10 is to grant licenses to competent, experienced applicants currently engaged in the trade, it can only mean the applicant's primary full-time occupation.

An examination of judicial precedent in our State indicates that the courts have upheld standards more generalized and ambiguous than the "principal business" criterion of *N. J. S. A.* 45:5A–10. For example, the Supreme Court has held as adequate standards the following terms: "satisfactory character and business responsibility," *Moyant v. Paramus, supra;* revocation of a license "for cause," *In re Berardi, supra;* "false, fraudulent, or misleading advertising," *Abelson's Inc. v. New Jersey Board of Optometrists,* 5 *N. J.* 412, 422 (1950).

In the instant case the Legislature, instead of delegating *carte blanche* powers to the Board, has limited the scope of administrative discretion and has itself imposed high minimum standards. The standards not only reflect the legislative insistence upon a high degree of competence but also minimize the risk of arbitrary administrative action.

We find here no unlawful delegation of legislative power.

██ Appellant, while conceding the right of the Legislature to regulate the operation of the specialized business of electrical contracting by limiting such work to qualified individuals, nevertheless alleges that the two-year principal business requirement for licensees (without examination) bears no reasonable relation to the purposes of the legislation and is therefore discriminatory. *N. J. Const.* 1947, *Art.* I, *par.* 1.

We do not agree. *N. J. S. A.* 45:5A–10 was enacted to permit licensing without examination of qualified persons who were engaged in the business of electrical contracting at the time the statute became effective. To assure competence, it required six instead of five years of experience. To assure knowledge of current techniques, it required that for two years preceding the adoption of the act the applicant must have been engaged in electrical contracting as his principal business.

The two-year principal business requirement was reasonably related to the object of the statute, which was to insure that only competent, qualified individuals would be permitted to work in this field.

■ Appellant further argues that the two-year classification is arbitrary and invalid; that it is "class legislation" which results in discrimination because it confers a privilege on a class arbitrarily selected without reasonable distinction or substantial difference from other persons engaged in the field of electrical contracting. We see no merit in this argument. To recognize and award exceptional status to a class whose experience is greater in depth is not arbitrary. Furthermore, appellant's right to pursue lawful employment or to make lawful contracts in the field of electrical contracting is not impaired by *N. J. S. A.* 45:5A–10. He has not been nor is he prevented from establishing his competence to function as a licensed electrical contractor. The procedure available under *N. J. S. A.* 45:5A–9 is open to him.

## II.

■ Appellant also argues that the words "principal business," as used in *N. J. S. A.* 45:5A–10, mean owner or operator of a commercial enterprise as distinguished from being in the employ of another. He alleges that while he was employed as a police officer during the two-year period electrical contracting was his principal business. Thus, he contrasts the statutory words of "principal business" with "principal occupation."

Plaintiff's distinction between "business" and "occupation" is not supported by *Webster's International Dictionary, 2d ed.* 1957, *p.* 362, where business is defined as follows:

"That which busies or engages time, attention, or labor, as a principal serious concern or interest. Specif.: (a) Constant employment; regular occupation; * * *."

Even more important, appellant's suggested definition does not coincide with the obvious intention of the Legislature as manifested in *N. J. S. A.* 45:5A–9 and 45:5A–10. The latter section, providing for licensing without examination, is clearly an exception to the general provision of *N. J. S. A.* 45:5A–9, which requires an examination. Since both sections of the statute require specified periods of practical experience (five years for *N. J. S. A.* 45:5A–9 (with examination) and six years for *N. J. S. A.* 45:5A–10 (without examination)) and because "principal business" is obviously a prerequisite *in lieu* of the examination, plaintiff's argument does not hold.

To permit an interpretation that part-time experience is included within the term "principal business" is to rid the words of their obvious meaning and to fly in the face of the legislative intention in declaring the two-year principal business standard to be a prerequisite to licensure without examination. The only interpretation of "principal business" which is both reasonable and in accord with the legislative intent measured by permissible considerations of public policy, in pursuance of the police powers, is that it is synonymous with principal occupation, and that a person, in order to qualify under the statute, must have been engaged in the business of electrical contracting as a principal activity.

The determination of the respondent Board denying appellant a license without examination is affirmed.